Filing # 67986900 E-Filed 02/14/2018 06:01:57 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

CASE NO.:

DIVISION:

MARIA ANNIKA SMITH,

       Plaintiff,

vs.

THE CITY OF JACKSONVILLE BEACH,
OFFICER D. COPPOLA, and
OFFICER R. BLALOCK,

       Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MARIA ANNIKA SMITH, by and through her undersigned attorneys, and hereby files this Complaint and Demand for Jury Trial against Defendant, THE CITY OF JACKSONVILLE BEACH (hereinafter "CITY"), a Florida municipal corporation, Defendant, OFFICER D. COPPOLA (hereinafter "COPPOLA"), and Defendant, OFFICER R. BLALOCK (hereinafter "BLALOCK"), in their official and individual capacities, and in support thereof states the following:

## INTRODUCTORY ALLEGATIONS

1.     For jurisdictional purposes, this is an action for damages in excess of $15,000.00, exclusive of interest, costs, and attorney's fees, and pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

2.     Venue is proper in Duval County, State of Florida, because it is the county where the events or omissions giving rise to this action occurred.

1

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 02/15/2018 02:27:42 PM

3.    At all times relevant, Plaintiff, MARIA ANNIKA SMITH, was a resident of Duval County, Jacksonville, Florida.

4.    At all times relevant, Defendant CITY is and was a municipal corporation/ entity created and authorized under the laws of the State of Florida. It is authorized by law to maintain a police department/force, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to maintenance of a police force and employment of law enforcement and police officers.

5.    At all times relevant, Defendant CITY is and was the public employer of Defendants COPPOLA and BLALOCK.

6.    At all times relevant, Defendants COPPOLA and BLALOCK are and were duly appointed acting officers, servants, employees and agents of the Jacksonville Beach Police Department, an agency of Defendant CITY.

7.    At all times relevant herein, Defendants COPPOLA and BLALOCK were acting under color of laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of Florida and Jacksonville Beach Police Department, in the course and scope of their duties and functions as officer, agents, servants, and employees of Defendant CITY, were acting for, and on behalf of, and with the power and authority vested in them by Defendant CITY and Jacksonville Beach Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

8.    By the conduct, acts, and omissions complained of herein, Defendants COPPOLA and BLALOCK violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer

under the circumstances would have known.

9. Plaintiff has satisfied all conditions precedent to filing this lawsuit, including those imposed by Florida Statutes § 768.28.

10. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay reasonable attorneys' fees and costs for such services in prosecuting the claims herein.

## FACTUAL ALLEGATIONS

11. On or about February 14, 2014, Plaintiff was arrested and transported by Defendant BLALOCK to the sally port of Jacksonville Beach Police Department (hereinafter "sally port").

12. During her arrest, Plaintiff advised Defendant BLALOCK that she was epileptic and had a history of seizures.

13. Upon arrival to the sally port, Plaintiff was handcuffed and seated in the rear of Defendants BLALOCK's patrol vehicle.

14. Upon arrival to the sally port, Plaintiff was in custody of Defendant BLALOCK and Defendant CITY.

15. Upon arrival to the sally port, Defendant BLALOCK requested a female officer to respond to the sally port to perform a pat down of Plaintiff.

16. Defendant COPPOLA responded to Defendant BLALOCK's request for a female officer to perform a pat down.

17. Upon arrival of Defendant COPPOLA, Defendant BLALOCK ordered Plaintiff to exit the patrol vehicle and face the rear of the vehicle for the pat down to be performed.

18. Plaintiff exited the patrol vehicle and faced the rear of the vehicle, as she was told to do.

19.    Defendant COPPOLA then requested Plaintiff to spread her legs and lean over toward the vehicle.

20.    Plaintiff complied with Defendant COPPOLA's request to spread her legs and lean over.

21.    Defendant COPPOLA bended Plaintiff at a ninety (90) degree angle and started performing a pat down.

22.    Immediately Plaintiff inquired what Defendant COPPOLA's name was, on which Defendant COPPOLA responded with "Francis".

23.    During the pat down, while Plaintiff was still positioned and bent at a ninety (90) degree angle, Defendant COPPOLA put her hands under Plaintiff's shirt, gliding them up and down Plaintiff's torso.

24.    With her hands under Plaintiff's shirt and while her body was touching Plaintiff's body, Defendant COPPOLA put her hands under and inside Plaintiff's bra and firmly grabbed Plaintiff's breasts.

25.    Plaintiff immediately started crying and begging Defendant COPPOLA to stop.

26.    The entire time that Defendant COPPOLA was performing a so-called "pat down" on Plaintiff, Defendant BLALOCK, along with other unknown officer(s), was watching the "pat down", laughing, and making inappropriate statements/comments.

27.    While Plaintiff was crying and begging to stop, Defendant COPPOLA then yanked Plaintiff's handcuffs, getting Plaintiff in the upward standing position, and stated that Plaintiff needed to get used to that kind of touching as it could happen to Plaintiff again.

28.    Defendant COPPOLA then walked Plaintiff back to the patrol vehicle.

29.    Defendant COPPOLA threw Plaintiff back in the rear of the patrol vehicle,

4

slamming Plaintiff's tailbone on the edge of the backseat made of hard plastic.

30.    Plaintiff immediately felt pain in her back and her tailbone, became anxious and short of breath.

31.    Jacksonville Beach Fire Rescue was called to examine and assist Plaintiff.

32.    Once Plaintiff was examined and cleared by Jacksonville Beach Fire Rescue, Plaintiff was booked into the Duval County Jail.

33.    While at the Duval County Jail, Plaintiff complained to the nurse about the pain in her back and tailbone, as well as her need for anti-seizure medications, however she was ignored.

34.    On February 16, 2014, upon making bail, Plaintiff went to St. Vincent's Medical Center – Southside, where she was examined and diagnosed with contusion and lumbar sacral coccyx injury.

35.    Further treatment and testing established that Plaintiff suffered significant injuries to her cervical, thoracic and lumbar spines.

36.    As a result of the events alleged herein, and due directly to the actions and/or omissions taken by Defendants BLALOCK and COPPOLA, Plaintiff suffered and continues to suffer pain, loss of wages, loss of ability to perform regular daily activities, emotional trauma, discomfort, humiliation, fear, anxiety and embarrassment, among other things.

37.    Defendant COPPOLA acted under color of law when she used her authority to create the opportunity for or to facilitate a sexual assault of Plaintiff.

38.    Defendant BLALOCK acted under color of law when he used his authority to create the opportunity for or to facilitate a sexual assault of Plaintiff.

## COUNT I – DEFENDANT THE CITY OF JACKSONVILLE BEACH NEGLIGENCE

39.    Paragraphs 1 through 38 are hereby adopted and incorporated by reference herein.

5

40.     Defendant CITY owed a duty of care to Plaintiff, to act with reasonable care, to provide safety and proper supervision while in it's care, custody and supervision.

41.     At all times relevant, Defendant CITY owed Plaintiff the duty to act with due care or reasonable care in the execution and enforcement of any right, law, or legal obligation.

42.     These general duties of reasonable care and due care owed to Plaintiff by Defendant CITY, as well as Defendants BLALOCK and COPPOLA, include but are not limited to the following specific obligations:

> a) To refrain from using excessive and/or unreasonable force against the Plaintiff;
>
> b) To refrain from any sexual assault, battery and/or violence;
>
> c) To refrain from unreasonably creating the situation where force is used;
>
> d) To refrain from abusing their authority granted them by law; and
>
> e) To refrain from violating Plaintiff's rights guaranteed by the United States

Constitutions, as set forth above, and as otherwise protected by law.

43.     Defendant CITY is subjected to a duty of care when law enforcement officers become directly involved in circumstances which place people within a zone of risk by creating or permitting dangers to exist, by taking persons into police custody, by detaining them or by otherwise subjecting them to danger." Milanese v. City of Boca Raton, 84 So.3d 339, 341 (Fla. 4th DCA 2012).

44.     At all times relevant, Plaintiff was in police custody of the Jacksonville Beach Police Department.

45.     Defendant CITY breached its duty of care owed to Plaintiff by failing to act with reasonable care, failing to prevent sexual assault and battery being committed upon Plaintiff,

failing to prevent unreasonable and excessive use of force, and failing to provide safety and proper supervision while Plaintiff was in custody of the Jacksonville Beach Police Department.

46.    At all times relevant, Defendant CITY knew, or should have known, that Defendants BLALOCK and COPPOLA were a threat to others.

47.    Defendants BLALOCK and COPPOLA, each through their acts and/or omissions, breached each and every one of the aforementioned duties owed to the Plaintiff.

48.    Defendants BLALOCK and COPPOLA repeatedly violated Florida law, Federal law, and the policies and procedures of the Jacksonville Beach Police Department.

49.    Defendant CITY knew or should have known that Defendants BLALOCK and COPPOLA were violating the law and Jacksonville Beach Police Department's policies and procedures, yet did.nothing to remedy the situation.

50.    Defendant CITY is responsible for the acts and/or omissions committed by Defendants BLALOCK and COPPOLA, in that these acts and/or omissions were committed in the course and scope of their employment with Defendant CITY, such that *respondeat superior* applies to this action.

51.    As a direct, proximate and foreseeable result of the acts and omissions of Defendants BLALOCK and COPPOLA, Plaintiff was injured and damaged.

**WHEREFORE**, Plaintiff, MARIA ANNIKA SMITH, demands judgment against Defendant CITY for compensatory damages as allowed by law, costs and interest, and any other relief this Court deems just and proper, and demands a trial by jury on all issues so triable.

## COUNT II – DEFENDANT THE CITY OF JACKSONVILLE BEACH
### NEGLIGENCE

52.    Paragraphs 1 through 38 are hereby adopted and incorporated by reference herein.

53.     Defendants BLALOCK and COPPOLA were employed by and under the control, direction and supervision of Defendant CITY.

54.     Defendant CITY knew or should have known that Defendants BLALOCK and COPPOLA had engaged in wrongful conduct in the past.

55.     Upon information and belief, Defendants BLALOCK and COPPOLA had multiple complaints, infractions, or reports of misconduct filed against them in the past.

56.     As a result of such complaints, infractions, violations, and/or reports of misconduct, Defendant CITY knew or should have known that Defendants BLALOCK and COPPOLA had a propensity for violence, misconduct, excessive force, and/or violations of civil rights.

57.     Defendant CITY at all times material had the ability and authority to discharge, further supervise, and/or retrain Defendants BLALOCK and COPPOLA so that they did not pose a risk to the public and to the Plaintiff.

58.     As a direct result of Defendant CITY's failure to further train, supervise, and/or discharge Defendants BLALOCK and COPPOLA, it was foreseeable that a member of the public, in this case the Plaintiff, would be injured and damaged.

59.     Defendant CITY's supervision, hiring, and/or retention of Defendants BLALOCK and COPPOLA constitutes negligence or gross negligence.

60.     Defendants BLALOCK and COPPOLA repeatedly violated Florida law, Federal law, and the policies and procedures of the Jacksonville Beach Police Department.

61.     Defendant CITY knew or should have known that Defendants BLALOCK and COPPOLA were violating the law and Jacksonville Beach Police Department's policies and procedures, yet did nothing to remedy the situation.

8

62.    As a direct, proximate and foreseeable result of the acts and omissions of Defendant CITY, Plaintiff was injured and damaged.

**WHEREFORE**, Plaintiff, MARIA ANNIKA SMITH, demands judgment against Defendant CITY for compensatory damages as allowed by law, costs and interest, and any other relief this Court deems just and proper, and demands a trial by jury on all issues so triable.

<u>**COUNT III – DEFENDANTS BLALOCK AND COPPOLA**</u>
<u>**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983**</u>

63.    Paragraphs 1 through 38 are hereby adopted and incorporated by reference herein.

64.    At all times relevant, while in custody of Defendants BLALOCK and COPPOLA, Plaintiff had substantive rights guaranteed by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. Specifically, Plaintiff had rights to the following, without limitation:

a) The right to be free from infliction of unnecessary pain as provided by the Fourteenth Amendment to the U.S. Constitution;

b) The fundamental right to physical safety as protected by the Fourteenth Amendment to the U.S. Constitution; and,

c) The fundamental right to be free from the use of excessive, unreasonable, and/or unjustified force.

65.    The conduct, actions, and/or omissions of Defendants BLALOCK and COPPOLA, acting in concert and under color of law, were excessive and unreasonable, were done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, were done without lawful justification or reason, and were designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C.

9

§1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable, and/or unjustified force.

66.    As a direct and proximate result of Defendants BLALOCK's and COPPOLA's excessive force, Plaintiff was subjected to great physical and emotional pain, loss of wages, humiliation, and was otherwise damaged and injured.

**WHEREFORE,** Plaintiff, MARIA ANNIKA SMITH, prays that this Honorable Court grant the following relief on Plaintiff's civil rights claim for excessive force brought pursuant to 42 U.S.C. §1983 and §1988:

A.  Actual and compensatory damages;

B.  Punitive damages;

C.  An award of attorney's fees and costs pursuant to 42 U.S.C. §1988; and

D.  Any other relief that this Court deems just and proper.

### COUNT IV – DEFENDANT THE CITY OF JACKSONVILLE BEACH MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS MONELL CLAIM UNDER 42 U.S.C. §1983

67.    Paragraphs 1 through 38 are hereby adopted and incorporated by reference herein.

68.    Defendant CITY directly caused the constitutional violations suffered by the Plaintiff, and is liable for the damages suffered by the Plaintiff as a result of the conduct of Defendants BLALOCK and COPPOLA.

69.    The conduct of Defendants BLALOCK and COPPOLA was a direct consequence of policies and practices of Defendant CITY.

70.    At all times relevant, Defendant CITY, acting through the Jacksonville Beach Police Department, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of Defendants BLALOCK and COPPOLA, and were a direct and

proximate cause of the damages and injuries complained of herein by the Plaintiff.

71.     At all times relevant, Defendant CITY has final policymaking authority with respect to its police officers.

72.     Defendant CITY developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and were the proximate cause of Plaintiff's constitutional and federal rights' violations as set forth herein, and are a result of a conscious or deliberate choice of Defendant CITY to follow a course of action, or lack thereof.

73.     Prior to February 14, 2014, Defendant CITY knew or should have known of Defendants BLALOCK's and COPPOLA's excessive and unreasonable use of force, and Defendants BLALOCK's and COPPOLA's propensity to engage in misconduct of the type alleged herein.

74.     Prior to February 14, 2014, Defendant CITY was aware of numerous complaints of police misconduct involving the use of excessive, unreasonable force and retaliatory use of force by members of Jacksonville Beach Police Department.

75.     Despite its knowledge of such incidents of prior misconduct, Defendant CITY failed to take remedial action.

76.     It was the policy and/or custom of Defendant CITY to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the CITY.

77.     It was the policy and/or custom of the CITY to inadequately train, supervise and discipline its police officers, including Defendants BLALOCK and COPPOLA, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

11

Defendant CITY did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

78.     As a result of the above described policies and customs, police officers of the CITY, including Defendants BLALOCK and COPPOLA, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

79.     The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of Defendant CITY to the constitutional rights of the persons in the city, and were the direct and proximate cause of the violations of Plaintiff's right alleged herein.

**WHEREFORE,** Plaintiff, MARIA ANNIKA SMITH, prays that this Honorable Court grant the following relief on Plaintiff's civil rights claim for excessive and unreasonable force brought pursuant to 42 U.S.C. §1983 and §1988:

E.  Actual and compensatory damages;

F.  Punitive damages;

G.  An award of attorney's fees and costs pursuant to 42 U.S.C. §1988; and

H.  Any other relief that this Court deems just and proper.

### COUNT V – DEFENDANTS BLALOCK AND COPPOLA STATE LAW CLAIM FOR BATTERY

80.     Paragraphs 1 through 38 are hereby adopted and incorporated by reference herein.

81.     By the conduct, actions, and/or omissions described infra, Defendants BLALOCK and COPPOLA, in their individual capacities, inflicted the tort of battery upon Plaintiff by committing harmful or offensive contact against the Plaintiff.

82.     Plaintiff suffered a harmful and offensive contact in connection with Defendant

COPPOLA's conduct of bending Plaintiff over at a ninety (90) degree angle, and touching and grabbing Plaintiff's breasts, all while Defendant BLALOCK failed to stop and/or prevent such harmful and offensive contact, but was rather a moving force behind such harmful and offensive contact.

83.    The acts and conduct of Defendants BLALOCK and COPPOLA were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of Florida.

84.    Defendants BLALOCK's and COPPOLA's acts constituted a battery upon Plaintiff in that the above described bodily contact was intentional.

85.    Defendants BLALOCK's and COPPOLA's acts constituted a battery upon Plaintiff in that the above described bodily contact was unauthorized.

86.    Defendants BLALOCK's and COPPOLA's acts constituted a battery upon Plaintiff in that the above described bodily contact was grossly offensive in nature.

87.    The actions of Defendants BLALOCK and COPPOLA were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants BLALOCK and COPPOLA knew, or should have known, that their actions were without the consent of the Plaintiff.

88.    The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

89.    As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain, loss of wages, and humiliation, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff, MARIA ANNIKA SMITH, demands judgment against

13

Defendants BLALOCK and COPPOLA for compensatory damages as allowed by law, costs and interest, and any other relief this Court deems just and proper, and demands a trial by jury on all issues so triable.

**COUNT VI – DEFENDANTS BLALOCK and COPPOLA**
**STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

90.    Paragraphs 1 through 38 are hereby adopted and incorporated by reference herein.

91.    Defendants BLALOCK's and COPPOLA's course of conduct, as described herein, was outrageous, going beyond all bounds of decency, and is regarded as odious and utterly intolerable in a civilized community.

92.    Defendants BLALOCK and COPPOLA are individually liable for intentional infliction of emotional distress.

93.    Defendants BLALOCK's and COPPOLA's conduct and/or omission, described above, were intended to and did cause severe emotional distress to the Plaintiff.

94.    The conduct and/or omissions of Defendants BLALOCK and COPPOLA were the direct and proximate cause of injury and damage to the Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of Florida.

95.    As a result of the foregoing, Plaintiff was subjected to serious physical and emotional pain, distress and suffering that is permanent and/or continuing in nature, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff, MARIA ANNIKA SMITH, demands judgment against Defendants BLALOCK and COPPOLA for compensatory damages as allowed by law, costs and interest, and any other relief this Court deems just and proper, and demands a trial by jury on all issues so triable.

## COUNT VII – DEFENDANT CITY OF JACKSONVILLE BEACH
## STATE LAW CLAIM FOR BATTERY

96.     Paragraphs 1 through 38 are hereby adopted and incorporated by reference herein.

97.     Count VII is plead in the alternative.

98.     Defendants BLALOCK's and COPPOLA's conduct was intentional but was not willful, wanton, or malicious.

99.     Defendants BLALOCK's and COPPOLA's conduct, as alleged herein, was committed within the course and scope of their employment as officers with Defendant CITY's Jacksonville Beach Police Department.

100.    Defendant BLALOCK's conduct, or, rather, failure to act, an omission, resulted in offensive and unprivileged touching on Plaintiff's person.

101.    Defendant COPPOLA's conduct constituted offensive and unprivileged touching on Plaintiff's person.

102.    Defendant CITY is responsible for the battery committed by Defendants BLALOCK and COPPOLA upon the Plaintiff, in that the civil battery was intentional, but not malicious and was committed in the course and scope of Defendants BLALOCK's and COPPOLA's employment with Defendant CITY, such that *respondeat superior* applies to this action.

103.    As a direct, proximate and foreseeable result of the acts and/or omissions of Defendants BLALOCK and COPPOLA, Plaintiff was subjected to serious physical and emotional pain, distress and suffering, loss of wages, and was otherwise damaged and injured.

**WHEREFORE,** Plaintiff, MARIA ANNIKA SMITH, demands judgment against Defendant CITY for compensatory damages as allowed by law, costs and interest, and any other relief this Court deems just and proper, and demands a trial by jury on all issues so triable.

15

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 14th day of February, 2018.

Respectfully Submitted,

Ann Finnell, Esq.
Florida Bar No.: 270040
Iryna Kharlap, Esq.
Florida Bar No.: 124153
**FINNELL, McGUINNESS,**
**NEZAMI & ANDUX, P.A.**
2114 Oak Street
Jacksonville, FL 32204
Phone: (904) 791-1101
Fax: (904) 791-1102
Email: AFinnell@fmnlawyers.com
Secondary Email: IKharlap@fmnlawyers.com
Pleadings@FMNLawyers.com
Attorneys for Plaintiff

16